UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

DAVID BILES,

    Petitioner,

v.                                                                    4:05-cv-78

HOWARD CARLTON, Warden,

    Respondent.

## MEMORANDUM OPINION

David Biles ("Biles") filed this petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although Biles is a state prisoner, he refers to his federal criminal conviction and life sentence in *State v. Biles*, Criminal Action No. 4:02-cr-51 (E.D. Tenn. May 19, 2003) (entry of judgment). He also refers to his conviction as a habitual offender and alleges that a state charge was enhanced to a federal conviction. Because it is not clear from the petition whether Biles is challenging a state conviction or his federal conviction, the Attorney General for The State of Tennessee was ordered to inform this court of Biles' status as a state prisoner and the state conviction(s) he is presently serving. The Attorney General has responded to that order. For the following reasons, the petition will be **DISMISSED** as time-barred.

As a result of the Antiterrorism and Effective Death Penalty Act of 1996, state prisoners now have one year in which to file a § 2254 petition. 28 U.S.C. § 2244(d). Federal prisoners likewise have one year in which to file a motion to vacate, set aside or correct sentence. 28 U.S.C. § 2255. The limitation period generally runs from the date on which the judgment of conviction became final.

According to the Attorney General, and as shown by the documents attached to the response, Biles was convicted of state drug charges in 1997 and 1998, and sentenced to an effective sentence of eleven years. He was released on probation on August 13, 1998; by order entered October 11, 2002, Biles' probation was revoked and he was ordered to serve the balance of his 11-year sentence in state prison. Federal authorities filed a commitment detainer for Biles, for him to serve his life sentence imposed in the federal court, after the expiration of his state sentence.

Biles' habeas corpus petition was filed on September 26, 2005. Clearly any challenge to his 1997 and 1998 state court convictions is barred by the one-year statute of limitation. To the extent Biles may be challenging his 2003 federal conviction, such a challenge is likewise barred by the applicable statute of limitation. Accordingly, the petition for the writ of habeas corpus will be **DENIED**.

A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the FEDERAL RULES OF APPELLATE PROCEDURE. The court **CERTIFIES** that any appeal from this action would not be taken in good faith. Therefore, this court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the FEDERAL RULES OF APPELLATE PROCEDURE.

**AN APPROPRIATE ORDER WILL ENTER.**

             *s/ James H. Jarvis*
            UNITED STATES DISTRICT JUDGE